43h 419
80 AD 361

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* THEUS TAYLOR, APPELLANT.

*Evidence — the rule requiring the attention of a witness to be called to the time and place of making a contradictory statement does not apply to statements contained in a paper signed by the witness*

Upon the trial of the defendant for manslaughter in the second degree it was proven, upon the part of the people, that the deceased, one Gilmore, solicited the defendant to shoot at a tin tomato can placed upon his (Gilmore's) head; that the defendant, after having twice succeeded in hitting the can, and being urged by Gilmore to try once more, attempted to do so but failed, shooting Gilmore through the head and killing him. A witness, called by the people, who had testified to facts tending to show that the death of Gilmore was the result of the defendant's shot, was asked if Gilmore, at that shot, did not raise his head and replied that he did not know. He was then asked if he did not so testify before the coroner's jury and he replied that he did not. His examination before the coroner having been shown to him, and he having admitted the signature thereto to be his, his testimony, as given therein, was offered in evidence, but was not received, the court holding that the attention of the witness must be first called to anything in it.

*Held,* that it was error to so rule.

*Romertze* v. *East River National Bank* (49 N. Y., 577).

APPEAL from a judgment of the Queens County Court of Oyer and Terminer, convicting the defendant of manslaughter in the second degree and sentencing him to imprisonment in the State's prison for the term of one year and eight months.

*Augustus N. Weller* and *Benjamin W. Downing*, for the appellant.

*John Fleming*, district attorney, for the respondent.

BARNARD, P. J. :

The respondent was convicted of manslaughter in the second degree. It was proven, upon the part of the people, that the deceased, one Gilmore, solicited the respondent to shoot at a tin tomato can placed upon his (Gilmore's) head. Taylor did so, and succeeded in perforating the can twice. He was urged by Gilmore to try the experiment once more, and Gilmore was shot through.

the head and killed. It appeared further in evidence that there had been several instances of the use of the pistol on the same day, involving risk to Gilmore if there had been any uncertain aim or unsteadiness of nerve, when there had been no evil result. Taylor was a celebrated shot, and was so known to be by Gilmore. They were warm friends, and on the day in question Gilmore seems to have been exhibiting Taylor's accomplishments as an expert with the pistol. The people called one Abrams as a witness to the firing and consequent death of Gilmore on the last occasion. He testified to the facts tending to show the death of Gilmore as the result of the shot made by Taylor. He was asked if Gilmore, at the shot, did not raise his head, and replied that he did not know. He was then asked if he did not so testify before the coroner's jury, and replied that he did not. He was shown his examination before the coroner, and he testified that the signature to it was his. The testimony of the witness before the coroner was then offered and refused, on the ground that the attention of the witness must be first called to anything in it. This was erroneous. "As to oral declarations, the attention of the witness must be called to the time and place, and particular language used, in order that he may recall the circumstances and make an intelligent answer; but as to written statements, this is unnecessary when the witness is shown the paper itself, and admits that he wrote or signed it and knows its contents." (*Romertze* v. *East River National Bank*, 49 N. Y., 577.) The deposition was not returned, and the court held that it could not say that the appellant in the case might not have been prejudiced by its rejection.

It is not returned in this case, and the rule ought to be held more strongly in a criminal case in favor of a possible prejudice to the respondent by the rejection of the paper. The deposition was again offered at the close of the case, as an impeachment of the witness Abrams, and rejected. The error was not cured by the question put to the witness after the first rejection of the paper. Only a part of the question was answered, and that was immaterial to the subject of the inquiry in respect to a variance between the statements of the witness. A part of the question, supposed to be taken from the examination, did not tend to impeach the witness. There was an added inquiry as to the attention of the appellant to the

deceased, and the sole reply was that when the deceased was shot the accused was the first man to him.

The theory of the defense was that the appellant was not culpably negligent in firing the shot. If the deceased, at the instant of the shot, changed his position, the fact was a material one for the jury. The skill of the appellant may have been so infallible that it was not such an act as would support a verdict of manslaughter when the death was occasioned by the unexpected change of position of the deceased. Until the discrepancy can be seen, the error is an apparent one, when the appearances and legal inference may not be justified on a new trial.

Under the rule, however, there should be a new trial.

PRATT and DYKMAN, JJ., concurred.

Conviction and judgment reversed, and new trial granted.